IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

National Small Business United, et al.,

Plaintiffs-Appellees,

v.

U.S. Department of the Treasury, et al.,

Defendants-Appellants.

No. 24-10736

**JOINT MOTION TO EXPEDITE BRIEFING AND ARGUMENT**

*National Small Business United et al. v. U.S. Department of the Treasury, et al*, No. 24-10736 (11th Cir.)

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, undersigned counsel certifies that the following persons have an interest in the outcome of this appeal:

Alabama Property Management, Inc.

Bardwell, Will.

Barger, James Frederick Jr.

Burke, Liles C., U.S. District Judge

Boynton, Brian M.

Brown, Kenyen.

Das, Himamauli, former Acting Director of the Financial Crimes Enforcement Network

Gacki, Andrea, Director of the Financial Crimes Enforcement Network

Hazel, Steven H.

Healy, Terence M.

Kelleher, Diane.

Lee, Thomas.

McCracken, Todd.

Miller, Kristen Paige.

National Small Business United

C-1 of 2

*National Small Business United et al. v. U.S. Department of the Treasury, et al*, No. 24-10736 (11th Cir.)

Neiman, John C. Jr.

Pitz, Taylor.

Robinson, Stuart Justin.

Tenny, Daniel.

U.S. Department of the Treasury

Walthall, James Elliott.

Winkles, Isaac.

Yellen, Janet, Secretary of the U.S. Department of the Treasury

Respectfully submitted,

s/ Steven H. Hazel
STEVEN H. HAZEL

C-2 of 2

## JOINT MOTION TO EXPEDITE BRIEFING AND ARGUMENT

The parties respectfully request that the Court expedite briefing and argument in this case. Expedition is warranted in light of the January 1, 2025, deadline by which most covered entities must comply with the challenged statute, which has been declared facially unconstitutional by the district court. The parties have agreed on a briefing schedule and respectfully request that the Court schedule oral argument at the next available argument session after the conclusion of briefing.

**1.** This appeal arises from a challenge to the Corporate Transparency Act (CTA), a component of the Anti-Money Laundering Act of 2020, Division F of the National Defense Authorization Act for Fiscal Year 2021. *See* Pub. L. No. 116-283, §§ 6002-6511, 134 Stat. 3388, 4547-4633 (2021). The CTA requires certain entities formed under State or Tribal laws—"reporting companies"—to file or update information regarding their "beneficial owners" and, under certain circumstances, the "applicants" who formed the reporting companies. *See* 31 U.S.C. § 5336(b). The CTA requires that disclosures be submitted to the Department of the Treasury's Financial Crimes Enforcement Network (FinCEN) and authorizes FinCEN to share the disclosed information with various law-enforcement agencies and other entities in certain circumstances, to facilitate prosecution and deterrence of money laundering and terrorist financing. *See id.* § 5336(b)(1), (c)(2).

For most companies covered by the CTA, the deadline for filing disclosures is January 1, 2025. By that date, covered companies formed before January 1, 2024,

USCA11 Case: 24-10736     Document: 6     Date Filed: 03/20/2024     Page: 5 of 9

*National Small Business United et al. v. U.S. Department of the Treasury, et al*, No. 24-10736 (11th Cir.)

must submit the required information to FinCEN. *See* 31 C.F.R. § 1010.380(a)(1)(iii). Covered companies established during 2024 must file the requested information within 90 days of their formation, *see id.* § 1010.380(a)(1)(i)(A); covered companies established after 2024 will be required to file information within 30 days of their formation, *see id.* § 1010.380(a)(1)(i)(B).

Plaintiffs in this case are an individual business owner and an organization that represents approximately 65,000 small businesses across the United States. Plaintiffs claim that the statute is facially unconstitutional because it exceeds Congress's constitutional powers, violates individual constitutional rights, and is unconstitutionally vague. The district court held that the statute "exceeds the Constitution's limits on Congress' power" and permanently enjoined the government "from enforcing the Corporate Transparency Act against the Plaintiffs." Final Judgment, *NSBU v. Yellen*, No. 22-cv-1448 (N.D. Ala. Mar. 1, 2024), ECF No. 52. The government maintains that the district court erred and that the statute is consistent with the Constitution.

**2.** The parties respectfully request expedited briefing and argument in this case. As noted, January 1, 2025, is the date by which most covered companies will need to file the required disclosures. All parties therefore seek clarity in advance of that date. The government respectfully suggests that the validity of an Act of Congress should be determined without unnecessary delay, and that the CTA should be allowed to take

USCA11 Case: 24-10736    Document: 6    Date Filed: 03/20/2024    Page: 6 of 9

*National Small Business United et al. v. U.S. Department of the Treasury, et al*, No. 24-10736 (11th Cir.)

effect as a critical component of the government's efforts to combat money laundering, terrorist financing, and other criminal activities. Plaintiffs request expedited consideration because the government has announced that it will continue to enforce the CTA against all other members of the public besides Plaintiffs despite the district court's declaration that the law is unconstitutional, and submit that definitive resolution of these important constitutional questions before the January 1, 2025 effective date would be in the public interest.

The parties accordingly jointly propose that the Court set the following briefing deadlines:

| | |
|---|---|
| Government's opening brief and appendix: | April 15, 2024 |
| Plaintiffs' answering brief: | May 13, 2024 |
| Government's reply brief: | June 3, 2024 |

The parties also propose that the Court hear oral argument in this case on the earliest available date following June 3, 2024.

*National Small Business United et al. v. U.S. Department of the Treasury, et al*, No. 24-10736 (11th Cir.)

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Thomas H. Lee | DANIEL TENNY<br>(202) 514-1838 |
| THOMAS H. LEE<br>Hughes Hubbard & Reed, LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>(212) 837-6000<br>thomas.lee@hugheshubbard.com | /s/ Steven H. Hazel<br>STEVEN H. HAZEL<br>(202) 514-2498<br><br>Attorneys, Appellate Staff<br>Civil Division |
| JOHN C. NEIMAN, JR.<br>Maynard Nexsen<br>1901 Sixth Avenue North<br>Suite 1700<br>Birmingham, AL 35203<br>(205) 254-1000<br>jneiman@maynardnexsen.com | U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Room 7217<br>Washington, D.C. 20530 |

## CERTIFICATE OF COMPLIANCE

I certify that this motion to expedite, filed on March 20, 2024, complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d), because it contains 602 words according to the count of Microsoft Word and is printed in Garamond 14-point font.

*/s/ Steven H. Hazel*
Steven H. Hazel

*National Small Business United et al. v. U.S. Department of the Treasury, et al*, No. 24-10736 (11th Cir.)

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                            /s/ *Steven H. Hazel*
                                                            Steven H. Hazel