# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

**NATIONAL SMALL BUSINESS UNITED D.B.A. NATIONAL SMALL BUSINESS ASSOCIATION, ISAAC WINKLES,**

*Plaintiffs-Appellees,*

versus

**U.S. DEPARTMENT OF TREASURY, SECRETARY OF THE U.S. DEPARTMENT OF THE TREASURY, DIRECTOR OF THE FINANCIAL CRIMES ENFORCEMENT NETWORK,**

*Defendants-Appellants.*

---

On Appeal from the United States District Court for the Northern District of Alabama, No. 5:22-CV-01448-LCB

---

**APPELLEES' APPENDIX**

---

John C. Neiman, Jr.
MAYNARD NEXSEN P.C.
1901 Sixth Ave. N., Suite 1700
Birmingham, Alabama 35203
(205) 254-1000

Thomas H. Lee
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiffs-Appellees*

# TABLE OF CONTENTS

FINCEN BENEFICIAL OWNERSHIP INFORMATION FAQS.......................TAB 1

Tab 1

FILED

2023 Oct-24  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Small Entity Compliance Guide



**Reporting Requirements**



**Financial Crimes Enforcement Network**
**U.S. Department of the Treasury**
**Version 1.0 September 2023**

**The reporting requirements discussed in this Guide are not in effect until January 1, 2024.  No reports will be accepted prior to that date.  Entities required to report will be able to do so on or after January 1, 2024.**

*Disclaimer:* This Guide is prepared in accordance with the requirements of Section 212 of the Small Business Regulatory Enforcement Fairness Act of 1996.  It is intended to help small entities comply with the beneficial ownership information reporting rule promulgated by the U.S. Department of the Treasury's Financial Crimes Enforcement Network (FinCEN).  This Guide is explanatory only and does not supplement or modify any obligations imposed by statute or regulation.  Additionally, this Guide does not supersede more recent guidance documents issued by FinCEN.  FinCEN may also revise this Guide to clarify or update content.  For additional and latest information, consult www.fincen.gov/boi.  For further assistance or to submit feedback about this Guide, contact FinCEN at www.fincen.gov/contact.

The original version of this document is written in English.  FinCEN has prepared this translation as a convenience to readers; in the event of any discrepancy or uncertainty, the English version controls the meaning.

# Table of Contents

**Introduction** ......................................................................................................... iv

**Chapter 1. Does my company have to report its beneficial owners?** ..........................................1
   1.1 Is my company a "reporting company"? .............................................................2
   1.2 Is my company exempt from the reporting requirements? ...................................4
   1.3 What happens if my company does not report BOI in the required timeframe? ..............15

**Chapter 2. Who is a beneficial owner of my company?** ..........................................................16
   2.1 What is substantial control? ...............................................................17
   2.2 What is ownership interest? ...............................................................18
   2.3 What steps can I take to identify my company's beneficial owners?................................19
   2.4 Who qualifies for an exception from the beneficial owner definition? ..........................29

**Chapter 3. Does my company have to report its company applicants?** ...................................32
   3.1 Is my company required to report its company applicants? ................................33
   3.2 Who is a company applicant of my company? ...................................................34

**Chapter 4. What specific information does my company need to report?** ...........................37
   4.1 What information should I collect about my company, its beneficial owners,
   and its company applicants? ...............................................................38
   4.2 What do I report if a special reporting rule applies to my company?................................39
   4.3 What is a FinCEN identifier and how can I use it?..............................................40

**Chapter 5. When and how should my company file its initial BOI report?** .........................41
   5.1 When should my company file its initial BOI report? .......................................42
   5.2 How does my company file a BOI report? ...................................................43

**Chapter 6. What if there are changes to or inaccuracies in reported information?** .............44
   6.1 What should I do if previously reported information changes?........................................45
   6.2 What should I do if I learn of an inaccuracy in a report?................................................47
   6.3 What should my company do if it becomes exempt after already filing a report? ..........47

**Appendix A - Guide and Regulation Reference Page** ...............................................................48

## **Introduction**

FinCEN is publishing this Small Entity Compliance Guide (Guide)[1]  to help small entities comply with the requirements of the Beneficial Ownership Information Reporting Rule (referenced in this Guide as the Reporting Rule).  In particular, small entities may have new requirements under the Reporting Rule.  FinCEN is committed to ensuring that the small business community and other reporting companies have the tools they need to comply with the new requirements, and that the process is as smooth and streamlined as possible.  FinCEN is striving to reduce the burden on small businesses by providing comprehensive guidance and communicating information about the reporting requirements in plain language.

The Reporting Rule requires certain entities to file beneficial ownership information (BOI) reports (referenced in this Guide as BOI reports or reports) to FinCEN.  Reports contain information about the entity itself and two categories of individuals:

1. **Beneficial owners**
2. **Company applicants**

These terms will be described in detail later in this Guide, but in general, a beneficial owner is an individual who owns or controls at least 25 percent of a company or has substantial control over the company, and a company applicant is an individual who directly files or is primarily responsible for the filing of the document that creates or registers the company.

The Reporting Rule,[2] issued on September 30, 2022, implements Section 6403 of the Corporate Transparency Act.  The rule describes who must file BOI reports, what information they must provide, and when they must file the reports.

The Reporting Rule is found at 1010.380 in title 31 of the Code of Federal Regulations (CFR).  An electronic version is also available through FinCEN's website. Specific sections of the Reporting Rule are cited throughout this Guide using the citation "1010.380[paragraph number]."  Appendix A to this Guide provides an index of where this Guide cites to the different parts of the regulation.  This Guide covers all the provisions of 1010.380.

---

1 This Guide satisfies FinCEN's obligations under Section 212 of the Small Business Regulatory Enforcement Fairness Act of 1996, amended by Section 8302 of the Fair Minimum Wage Act of 2007.  See Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, § 212, 110 Stat. 857, 858 (1996), available at www.govinfo.gov/content/pkg/PLAW-104publ121/pdf/PLAW-104publ121.pdf.
*See* Fair Minimum Wage Act of 2007, Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204 (2007), available at www.govinfo.gov/content/pkg/PLAW-110publ28/pdf/PLAW-110publ28.pdf. This Guide summarizes and explains the Reporting Rule but is not a substitute for the Reporting Rule. The language of the Reporting Rule itself, not this Guide, establishes a person's legal obligations.

2  All hyperlinks are current as of the date of the Guide's publication.

Starting on January 1, 2024, BOI reports must be filed electronically using FinCEN's secure filing system.  FinCEN will store BOI reports in a centralized database and only share this information with authorized users for purposes specified by law.  The database will use rigorous information security methods and controls typically used in the Federal government to protect non-classified yet sensitive information systems at the highest security level.

### When do I need to file a report?

- Reports will be accepted starting on January 1, 2024.
- Reporting companies created or registered to do business before January 1, 2024, will have additional time — until January 1, 2025 — to file their initial BOI reports.
- Reporting companies created or registered on or after January 1, 2024, will have 30 days after receiving notice of their company's creation or registration to file their initial BOI reports.

### Where can I find additional information about BOI reporting?

- Additional information about the Reporting Rule and guidance materials are available at www.fincen.gov/boi.
- FinCEN has issued and will continue to issue frequently asked questions to address specific questions on the topic.  They can be found here: www.fincen.gov/boi-faqs.
- In addition, if you have any questions regarding BOI reporting obligations, you should contact FinCEN at www.fincen.gov/contact.

## What does this Guide include?

There are six key questions to help you comply with the Reporting Rule.  This Guide includes a chapter for each key question, listed below.  This Guide includes interactive flowcharts, checklists, and other aids to help you determine whether your company needs to file a BOI report with FinCEN, and if so, how to comply with the reporting requirements.  This Guide will be updated periodically with new or revised information.



**01  Does my company have to report its beneficial owners?**
Click here to go to Chapter 1

**02  Who is a beneficial owner of my company?**
Click here to go to Chapter 2

**03  Does my company have to report its company applicants?**
Click here to go to Chapter 3

**04  What specific information does my company need to report?**
Click here to go to Chapter 4

**05  When and how should my company file its initial report?**
Click here to go to Chapter 5

**06  What if there are changes to or inaccuracies in reported information?**
Click here to go to Chapter 6



## 01   Does my company have to report its beneficial owners?

Not all companies are required to report BOI to FinCEN under the Reporting Rule. Companies are required to report only if they meet the Reporting Rule's definition of a "reporting company" and do not qualify for an exemption. This chapter will help you determine whether your company qualifies. This chapter covers the definition of reporting company, describes entities that are exempt, and explains what happens if the required information is not reported:

**1.1   Is my company a "reporting company"?**
**1.2   Is my company exempt from the reporting requirements?**
**1.3   What happens if my company does not report BOI in the required timeframe?**

*This chapter generally covers 1010.380(c), "Reporting company" and 1010.380(g) "Reporting violations".*

## 1.1 Is my company a "reporting company"?

The Reporting Rule requires that all "reporting companies" file BOI reports with FinCEN within the previously specified timeframes.  A reporting company is any entity that meets the "reporting company" definition and does not qualify for an exemption.  There are two categories of reporting companies: a "domestic reporting company" and a "foreign reporting company". If your company is neither a "domestic reporting company" nor "foreign reporting company" because it does not meet either definition (as described below) or it qualifies for an exemption, then it is not required to file a BOI report with FinCEN.

The following chart shows how to analyze whether your company is a "reporting company":

**Chart 1 – Reporting company definition**



**FYI**

Unless otherwise specified, States and Indian tribes have the following meanings in this Guide and the Reporting Rule.

- States means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, American Samoa, Guam, the United States Virgin Islands, and any other commonwealth, territory, or possession of the United States.
- Indian tribes means any Indian or Alaska Native tribe, band, nation, pueblo, village or community that the Secretary of the Interior acknowledges to exist as an Indian tribe. (See section 102 of the Federally Recognized Indian Tribe List Act of 1994 (25 U.S.C. 5130)).

## 1.2 Is my company exempt from the reporting requirements?

The Reporting Rule exempts twenty-three (23) specific types of entities from the reporting requirements listed in Chart 2 below.  An entity that qualifies for any of these exemptions is not required to submit BOI reports to FinCEN.

**Chart 2 – Reporting company exemptions**

| Exemption No. | Exemption Short Title |
|---|---|
| 1 | Securities reporting issuer |
| 2 | Governmental authority |
| 3 | Bank |
| 4 | Credit union |
| 5 | Depository institution holding company |
| 6 | Money services business |
| 7 | Broker or dealer in securities |
| 8 | Securities exchange or clearing agency |
| 9 | Other Exchange Act registered entity |
| 10 | Investment company or investment adviser |
| 11 | Venture capital fund adviser |
| 12 | Insurance company |
| 13 | State-licensed insurance producer |
| 14 | Commodity Exchange Act registered entity |
| 15 | Accounting firm |
| 16 | Public utility |
| 17 | Financial market utility |
| 18 | Pooled investment vehicle |
| 19 | Tax-exempt entity |
| 20 | Entity assisting a tax-exempt entity |
| 21 | Large operating company |
| 22 | Subsidiary of certain exempt entities |
| 23 | Inactive entity |

*Special rule for foreign pooled investment vehicles.*

If an entity meets the criteria of Exemption #18 and is formed under the laws of a foreign country, the entity is <u>subject to a separate reporting requirement</u>.  These companies are referred to as "foreign pooled investment vehicles" in the Reporting Rule and their reporting requirement is explained in Chapter 4.2 of this Guide.

*See special rule at 1010.380(b)(2)(iii).*

The criteria for each exemption are provided in a check-box format in the following pages to assist your company in answering the question, "Is my company exempt from the reporting requirements?"

**Securities reporting issuer (Exemption #1)**

An entity qualifies for this exemption if **either** of the following two criteria apply:

| | |
|---|---|
| 1. The entity is an issuer of a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l). | ☐ Yes ☐ No |
| 2. The entity is required to file supplementary and periodic information under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)). | ☐ Yes ☐ No |

**Governmental authority (Exemption #2)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is established under the laws of the United States, an Indian tribe, a State, or a political subdivision of a State, or under an interstate compact between two or more States. | ☐ Yes ☐ No |
| 2. The entity exercises governmental authority on behalf of the United States or any such Indian tribe, State, or political subdivision. | ☐ Yes ☐ No |

**Bank (Exemption #3)**

An entity qualifies for this exemption if **any** of the following three criteria apply:

| | |
|---|---|
| 1. The entity is a "bank" as defined in section 3 of the Federal Deposit Insurance Act (12 U.S.C. 1813). | ☐ Yes ☐ No |
| 2. The entity is a "bank" as defined in section 2(a) of the Investment Company Act of 1940 (15 U.S.C. 80a-2(a)). | ☐ Yes ☐ No |
| 3. The entity is a "bank" as defined in section 202(a) of the Investment Advisers Act of 1940 (15 U.S.C. 80b-2(a)). | ☐ Yes ☐ No |

**Credit Union (Exemption #4)**

An entity qualifies for this exemption if **either** of the following two criteria apply:

| | |
|---|---|
| 1. The entity is a "Federal credit union" as defined in section 101 of the Federal Credit Union Act (12 U.S.C. 1752). | ☐ Yes ☐ No |
| 2. The entity is a "State credit union" as defined in section 101 of the Federal Credit Union Act (12 U.S.C. 1752). | ☐ Yes ☐ No |

**Depository institution holding company (Exemption #5)**

An entity qualifies for this exemption if **either** of the following two criteria apply:

| | |
|---|---|
| 1. The entity is a "bank holding company" as defined in section 2 of the Bank Holding Company Act of 1956 (12 U.S.C. 1841). | ☐ Yes  ☐ No |
| 2. The entity is a "savings and loan holding company" as defined in section 10(a) of the Home Owners' Loan Act (12 U.S.C. 1467a(a)). | ☐ Yes  ☐ No |

**Money transmitter business (Exemption #6)**

An entity qualifies for this exemption if **either** of the following two criteria apply:

| | |
|---|---|
| 1. The entity is a money transmitting business registered with FinCEN under 31 U.S.C. 5330. | ☐ Yes  ☐ No |
| 2. The entity is a money services business registered with FinCEN under 31 CFR 1022.380. | ☐ Yes  ☐ No |

**Broker or dealer in securities (Exemption #7)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is a "broker" or "dealer," as those terms are defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. 78c). | ☐ Yes  ☐ No |
| 2. The entity is registered under section 15 of the Securities Exchange Act of 1934 (15 U.S.C. 78o). | ☐ Yes  ☐ No |

**Securities exchange or clearing agency (Exemption #8)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is an "exchange" or "clearing agency," as those terms are defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. 78c). | ☐ Yes  ☐ No |
| 2. The entity is registered under sections 6 or 17A of the Securities Exchange Act of 1934 (15 U.S.C. 78f, 78q-1). | ☐ Yes  ☐ No |

**Other Exchange Act registered entity (Exemption #9)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is not a securities reporting issuer as defined in Exemption #1, broker or dealer in securities as defined in Exemption #7, or securities exchange or clearing agency as defined in Exemption #8. | ☐ Yes ☐ No |
| 2. The entity is registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.). | ☐ Yes ☐ No |

**Investment company or investment adviser (Exemption #10)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is an "investment company" or "investment adviser" defined as either:<br>• An investment company in section 3 of the Investment Company Act of 1940 (15 U.S.C. 80a-3); or<br>• An investment adviser in section 202 of the Investment Advisers Act of 1940 (15 U.S.C. 80b-2). | ☐ Yes ☐ No |
| 2. The entity is registered with the Securities and Exchange Commission under either of these authorities:<br>• The Investment Company Act of 1940 (15 U.S.C. 80a-1 *et seq.*); or<br>• The Investment Advisers Act of 1940 (15 U.S.C. 80b-1 *et seq.*). | ☐ Yes ☐ No |

**Venture capital fund adviser (Exemption #11)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is an investment adviser that is described in section 203(l) of the Investment Advisers Act of 1940 (15 U.S.C. 80b-3(l)). | ☐ Yes ☐ No |
| 2. The entity has filed Item 10, Schedule A, and Schedule B of Part 1A of Form ADV, or any successor thereto, with the Securities and Exchange Commission. | ☐ Yes ☐ No |

**Insurance company (Exemption #12)**

An entity qualifies for this exemption if the following criterion applies:

| | |
|---|---|
| 1. The entity is an "insurance company" as defined in section 2 of the Investment Company Act of 1940 (15 U.S.C. 80a-2). | ☐ Yes ☐ No |

**State-licensed insurance producer (Exemption #13)**

An entity qualifies for this exemption if <u>**both**</u> of the following criteria apply:

| | |
|---|---|
| 1. The entity is an insurance producer that is authorized by a State and subject to supervision by the insurance commissioner or a similar official or agency of a State. | ☐ Yes ☐ No |
| 2. The entity has an *operating presence at a physical office within the United States*.  The term "operating presence at a physical office within the United States" means that an entity regularly conducts its business at a physical location in the United States that the entity owns or leases and that is physically distinct from the place of business of any other unaffiliated entity. | ☐ Yes ☐ No |

**Commodity Exchange Act registered entity (Exemption #14)**

An entity qualifies for this exemption if <u>**either**</u> of the following two criteria apply:

| | |
|---|---|
| 1. The entity is a "registered entity" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a). | ☐ Yes ☐ No |
| 2. The entity is one of these entities registered with the Commodity Futures Trading Commission under the Commodity Exchange Act:<br>• "Futures commission merchant" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a);<br>• "Introducing broker" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a);<br>• "Swap dealer" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a);<br>• "Major swap participant" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a);<br>• "Commodity pool operator" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a);<br>• "Commodity trading advisor" as defined in section 1a of the Commodity Exchange Act (7 U.S.C. 1a); or<br>• "Retail foreign exchange dealer" as described in section 2(c)(2)(B) of the Commodity Exchange Act (7 U.S.C. 2(c)(2)(B)). | ☐ Yes ☐ No |

**Public accounting firm (Exemption #15)**

An entity qualifies for this exemption if the following criterion applies:

| | |
|---|---|
| 1. The entity is a public accounting firm registered in accordance with section 102 of the Sarbanes-Oxley Act of 2002 ([15 U.S.C. 7212](#)). | ☐ Yes  ☐ No |

**Public utility (Exemption #16)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is a "regulated public utility" as defined in [26 U.S.C. 7701(a)(33)(A)](#). | ☐ Yes  ☐ No |
| 2. The entity provides telecommunications services, electrical power, natural gas, or water and sewer services within the United States. | ☐ Yes  ☐ No |

**Financial market utility (Exemption #17)**

An entity qualifies for this exemption if the following criterion applies:

| | |
|---|---|
| 1. The entity is a financial market utility designated by the Financial Stability Oversight Council under section 804 of the Payment, Clearing, and Settlement Supervision Act of 2010 ([12 U.S.C. 5463](#)). | ☐ Yes  ☐ No |

**Pooled investment vehicle (Exemption #18)**

An entity qualifies for this exemption if **both** of the following criteria apply:

| | |
|---|---|
| 1. The entity is a pooled investment vehicle if **either** of these statements apply to the entity:<br>• Is an investment company, as defined in section 3(a) of the Investment Company Act of 1940 (15 U.S.C. 80a-3(a); or<br>• Is a company that would be an investment company under that section but for the exclusion provided from that definition by paragraph (1) or (7) of section 3(c) of that Act (15 U.S.C. 80a-3(c)); and is identified by its legal name by the applicable investment adviser in its Form ADV,  (or successor form) filed with the Securities and Exchange Commission or will be so identified in the next annual updating amendment to Form ADV required to be filed by the applicable investment adviser pursuant to rule 204-1 under the Investment Advisers Act of 1940 (17 CFR 275.204-1). | ☐ Yes ☐ No |
| 2. The entity is operated or advised by any of these types of exempt entities:<br>• Bank, as defined in Exemption #3;<br>• Credit union, as defined in Exemption #4;<br>• Broker or dealer in securities, as defined in Exemption #7;<br>• Investment company or investment adviser, as defined in Exemption #10; or<br>• Venture capital fund adviser, as defined in Exemption #11. | ☐ Yes ☐ No |

**Tax-exempt entity (Exemption #19)**

An entity qualifies for this exemption if **any** of the following four criteria apply:

| | |
|---|---|
| 1. The entity is an organization that is described in section 501(c) of the Internal Revenue Code of 1986 (Code) (determined without regard to section 508(a) of the Code) and exempt from tax under section 501(a) of the Code. | ☐ Yes ☐ No |
| 2. The entity is an organization that is described in section 501(c) of the Code, and was exempt from tax under section 501(a) of the Code, but lost its tax-exempt status less than 180 days ago. | ☐ Yes ☐ No |
| 3. The entity is a political organization, as defined in section 527(e)(1) of the Code, that is exempt from tax under section 527(a) of the Code. | ☐ Yes ☐ No |
| 4. The entity is a trust described in paragraph (1) or (2) of section 4947(a) of the Code. | ☐ Yes ☐ No |

**Entity assisting a tax-exempt entity (Exemption #20)**

An entity qualifies for this exemption if all **four** of the following criteria apply:

| | |
|---|---|
| 1. The entity operates exclusively to provide financial assistance to, or hold governance rights over, any tax-exempt entity described by Exemption #19. | ☐ Yes ☐ No |
| 2. The entity is a United States person as defined in section 7701(a)(30) of the Internal Revenue Code of 1986. | ☐ Yes ☐ No |
| 3. The entity is beneficially owned or controlled exclusively by one or more United States persons that are United States citizens or lawfully admitted for permanent residence. "Lawfully admitted for permanent residence" is defined in section 101(a) of the Immigration and Nationality Act (8 U.S.C. 1101(a)). | ☐ Yes ☐ No |
| 4. The entity derives at least a majority of its funding or revenue from one or more United States persons that are United States citizens or lawfully admitted for permanent residence. | ☐ Yes ☐ No |

**Large operating company (Exemption #21)**

An entity qualifies for this exemption if all <u>six</u> of the following criteria apply:

| | |
|---|---|
| 1. The entity employs more than 20 full time employees, when applying the meaning of full-time employee provided in 26 CFR 54.4980H-1(a) and 54.4980H-3. In general, "full-time employee" means, with respect to a calendar month, an employee who is employed an average of at least 30 hours of service per week with an employer. | ☐ Yes ☐ No |
| 2. More than 20 full-time employees of the entity are employed in the "United States," as that term is defined in 31 CFR 1010.100(hhh). | ☐ Yes ☐ No |
| 3. The entity has an operating presence at a physical office within the United States. "Operating presence at a physical office within the United States" means that an entity regularly conducts its business at a physical location in the United States that the entity owns or leases and that is physically distinct from the place of business of any other unaffiliated entity. | ☐ Yes ☐ No |
| 4. The entity entity filed a Federal income tax or information return in the United States for the previous year demonstrating more than $5,000,000 in gross receipts or sales.  If the entity is part of an affiliated group of corporations within the meaning of 26 U.S.C. 1504, refer to the consolidated return for such group. | ☐ Yes ☐ No |
| 5. The entity reported this greater-than-$5,000,000 amount as gross receipts or sales (net of returns and allowances) on the entity's IRS Form 1120, consolidated IRS Form 1120, IRS Form 1120-S, IRS Form 1065, or other applicable IRS form. | ☐ Yes ☐ No |
| 6. When gross receipts or sales from sources outside the United States, as determined under Federal income tax principle, are excluded from the entity's amount of gross receipts or sales, the amount remains greater than $5,000,000. | ☐ Yes ☐ No |

**Subsidiary of certain exempt entities (Exemption #22)**

An entity qualifies for this exemption if the following criterion applies:

1. The entity's ownership interests are controlled or wholly owned, directly or indirectly, by **any** of these types of exempt entities:
   - Securities reporting issuer, as defined in Exemption #1;
   - Governmental authority, as defined in Exemption #2;
   - Bank, as defined in Exemption #3;
   - Credit union, as defined in Exemption #4;
   - Depository institution holding company, as defined in Exemption #5;
   - Broker or dealer in securities, as defined in Exemption #7;
   - Securities exchange or clearing agency, as defined in Exemption #8;
   - Other Exchange Act registered entity, as defined in Exemption #9;
   - Investment company or investment adviser, as defined in Exemption #10;
   - Venture capital fund adviser, as defined in Exemption #11;
   - Insurance company, as defined in Exemption #12;
   - State-licensed insurance producer, as defined in Exemption #13;
   - Commodity Exchange Act registered entity, as defined in Exemption #14;
   - Accounting firm, as defined in Exemption #15;
   - Public utility, as defined in Exemption #16;
   - Financial market utility, as defined in Exemption #17;
   - Tax-exempt entity, as defined in Exemption #19; or
   - Large operating company, as defined in Exemption #21.

☐ Yes ☐ No

**Inactive entity (Exemption #23)**

An entity qualifies for this exemption if all **<u>six</u>** of the following criteria apply:

| | |
|---|---|
| 1. The entity was in existence on or before January 1, 2020. | ☐ Yes  ☐ No |
| 2. The entity is not engaged in active business. | ☐ Yes  ☐ No |
| 3. The entity is not owned by a foreign person, whether directly or indirectly, wholly or partially.  "Foreign person" means a person who is not a United States person.  A United States person is defined in section 7701(a)(30) of the Internal Revenue Code of 1986 as a citizen or resident of the United States, domestic partnership and corporation, and other estates and trusts. | ☐ Yes  ☐ No |
| 4. The entity has not experienced any change in ownership in the preceding twelve-month period. | ☐ Yes  ☐ No |
| 5. The entity has not sent or received any funds in an amount greater than $1,000, either directly or through any financial account in which the entity or any affiliate of the entity had an interest, in the preceding twelve-month period. | ☐ Yes  ☐ No |
| 6. The entity does not otherwise hold any kind or type of assets, whether in the United States or abroad, including any ownership interest in any corporation, limited liability company, or other similar entity. | ☐ Yes  ☐ No |

## 1.3 What happens if my company does not report BOI in the required timeframe?

FinCEN is issuing this Guide and other guidance, as well as conducting outreach, to ensure that all reporting companies are aware of their reporting obligations, including their obligations to update or correct beneficial ownership information.  If a person has reason to believe that a report filed with FinCEN contains inaccurate information and voluntarily submits a report correcting the information within 90 days of the deadline for the original report, then the Corporate Transparency Act creates a safe harbor from penalty. However, should a person willfully fail to report complete or updated beneficial ownership information to FinCEN as required under the Reporting Rule, FinCEN will determine the appropriate enforcement response in consideration of its published enforcement factors.

The willful failure to report complete or updated beneficial ownership information to FinCEN, or the willful provision of or attempt to provide false or fraudulent beneficial ownership information may result in a civil or criminal  penalties, including civil penalties of up to $500 for each day that the violation continues, or criminal penalties including  imprisonment for up to two years and/or a fine of up to $10,000. Senior officers of an entity that fails to file a required BOI report may be held accountable for that failure.

*Providing false or fraudulent beneficial ownership information could include providing false identifying information about an individual identified in a BOI report, such as by providing a copy of a fraudulent identifying document.*

Additionally, a person may be subject to civil and/or criminal penalties for willfully causing a company not to file a required BOI report or to report incomplete or false beneficial ownership information to FinCEN.

*For example, an individual who qualifies as a beneficial owner or a company applicant might refuse to provide information, knowing that a company would not be able to provide complete beneficial ownership information to FinCEN without it. Also, an individual might provide false information to a company, knowing that information is meant to be reported to FinCEN.*



# 02 Who is a beneficial owner of my company?

If your company is a reporting company, your next step is to identify its beneficial owners. A beneficial owner is **<u>any</u>** individual who, directly or indirectly:

- Exercises *substantial control* over a reporting company;
- **<u>OR</u>**
- Owns or controls at least 25 percent of the *ownership interests* of a reporting company.

An individual might be a beneficial owner through substantial control, ownership interests, or both.  Reporting companies are not required to report the reason (i.e., substantial control or ownership interests) that an individual is a beneficial owner.

A reporting company can have multiple beneficial owners.  For example, a reporting company could have one beneficial owner who exercises substantial control over the reporting company, and a few other beneficial owners who own or control at least 25 percent of the ownership interests of the reporting company.  A reporting company could have one beneficial owner who both exercises substantial control and owns or controls at least 25 percent of the ownership interests of the reporting company.  There is no maximum number of beneficial owners who must be reported.

FinCEN expects that every reporting company will be substantially controlled by one or more individuals, and therefore that every reporting company will be able to identify and report at least one beneficial owner to FinCEN.  The following four sections will assist you in determining your company's beneficial owners.  If an individual qualifies as a beneficial owner, information about that individual must be reported to FinCEN in a reporting company's BOI report.

**2.1 What is substantial control?**
**2.2 What is an ownership interest?**
**2.3 What steps can I take to identify my company's beneficial owners?**
**2.4 Who qualifies for an exception from the beneficial owner definition?**

*This chapter generally covers 1010.380(d), "Beneficial owner".*

## 2.1 What is substantial control?

Reporting companies are required to identify **all** individuals who exercise ***substantial control*** over the company.  There is no limit to the number of individuals who can be reported for exercising substantial control.  An individual exercises ***substantial control*** over a reporting company if the individual meets **any** of four general criteria: (1) the individual is a senior officer; (2) the individual has authority to appoint or remove certain officers or a majority of directors of the reporting company; (3) the individual is an important decision-maker; or (4) the individual has any other form of substantial control over the reporting company.  See the chart below for details about these criteria.

**Chart 3 – Substantial control indicators**



**SENIOR OFFICER**
any individual holding the position or exercising the authority of a:
1. President
2. Chief financial officer (CFO)
3. General counsel (GC)
4. Chief executive officer (CEO)
5. Chief operating officer (COO)

or any other officer, regardless of official title, who performs a similar function as these officers



**APPOINTMENT OR REMOVAL AUTHORITY**
any individual with the ability to appoint or remove any **SENIOR OFFICER** or a majority of the board of directors or similar body



**IMPORTANT DECISION-MAKER**
any individual who directs, determines, or has substantial influence over important decisions made by the reporting company, including decisions regarding the reporting company's:

1. **Business**, such as:
   • Nature, scope, and attributes of the business
   • The selection or termination of business lines or ventures, or geographic focus
   • The entry into or termination, or the fulfillment or non-fulfillment, of significant contracts

2. **Finances**, such as:
   • Sale, lease, mortgage, or other transfer of any principal assets
   • Major expenditures or investments, issuances of any equity, incurrence of any significant debt, or approval of the operating budget
   • Compensation schemes and incentive programs for senior officers

3. **Structure,** such as:
   • Reorganization, dissolution, or merger
   • Amendments of any substantial governance documents of the reporting company, including the articles of incorporation or similar formation documents, bylaws, and significant policies or procedures



**CATCH-ALL**
any other form of substantial control over the reporting company. Control exercised in new and unique ways can still be substantial. For example, flexible corporate structures may have different indicators of control than the indicators included here

## 2.2 What is ownership interest?

Reporting companies are required to identify **all** individuals who own or control at least 25 percent of the *ownership interests* of the company.  Any of the following may be an ownership interest: equity, stock, or voting rights; a capital or profit interest; convertible instruments; options or other non-binding privileges to buy or sell any of the foregoing; and any other instrument, contract, or other mechanism used to establish ownership. A reporting company may have multiple types of ownership interests. The following chart identifies the ownership interest types and provides examples.

**Chart 4 – Ownership interests**



**EQUITY, STOCK, OR VOTING RIGHTS**
any interest classified as stock or anything similar, regardless whether it confers voting power or voting rights, and even if the interest is transferable
**EXAMPLES** include:
- equity, stock, or similar instrument
- preorganization certificate or subscription
- transferable share of, or voting trust certificate or certificate of deposit for, an equity security, interest in a joint venture, or certificate of interest in a business trust



**CAPITAL OR PROFIT INTEREST**
any interest in the assets or profits of a company organized as an LLC, which is similar to stock in a corporation and sometimes referred to as a 'unit'



**CONVERTIBLE INSTRUMENTS**
any instrument convertible into *equity, stock, or voting rights* or *capital or profit interest*, whether or not anything needs to be paid to exercise the conversion. The **RELATED** items are also ownership interests:
- any future on any convertible instrument
- any warrant or right to purchase, sell, or subscribe to a share or interest in *equity, stock, or voting rights* or *capital or profit interest*, even if such warrant or right is a debt



**OPTION OR PRIVILEGE**
any put, call, straddle, or other option or privilege of buying or selling *equity, stock, or voting rights*, *capital or profit interest*, or *convertible instruments*, EXCEPT if the option or privilege is created and held by others without the knowledge or involvement of the reporting company



**CATCH-ALL**
any other instrument, contract, arrangement, understanding, relationship, or mechanism used to establish ownership

## 2.3 What steps can I take to identify my company's beneficial owners?

Your company can identify beneficial owners by taking the following steps:

**Step 1:** Identify individuals who exercise substantial control over the company. Examples are provided below to help you identify those individuals.

**Step 2:** Identify the types of ownership interests in your company and the individuals that hold those ownership interests.  Examples are provided below to help identification.

**Step 3:** Calculate the percentage of ownership interests held directly or indirectly by individuals to identify individuals who own or control, directly or indirectly, at least 25 percent of the ownership interests of the company.

Here are additional details on each step:

*Step 1:* Individuals may directly or indirectly exercise substantial control.  Individuals can exercise substantial control through contracts, arrangements, understandings, relationships, or otherwise.

*Note for trusts:* a trustee of a trust or similar arrangement may exercise substantial control over a reporting company.

Examples of direct ways to exercise substantial control over a reporting company are:

- Board representation.
- Ownership or control of a majority of voting power or voting rights.
- Rights associated with financing or interest.

Examples of indirect ways to exercise substantial control over a reporting company are:

- Controlling one or more intermediary entities that separately or collectively exercise substantial control over a reporting company.
- Through arrangements or financial or business relationships with other individuals or entities acting as nominees.

While keeping these examples in mind, the following questions can help identify which individuals exercise substantial control over your company.  Multiple criteria can apply to one individual.

| Substantial control question: | Answer | If response is "Yes": |
|---|---|---|
| 1. Does your company have a president, chief financial officer, general counsel, chief executive officer, or chief operating officer? | ☐ Yes<br>☐ No | There are **senior officers** in your company. |
| 2. Does your company have any other officers that perform functions similar to those of a President, chief financial officer, general counsel, chief executive officer, or chief operating officer?<br><br>*Note:* One individual may perform one or more functions for a company, or a company may not have an individual who performs any of these functions. | ☐ Yes<br>☐ No | |
| 3. Does your company have a board of directors or similar body AND does any individual have the ability to appoint or remove a majority of that board or body? | ☐ Yes<br>☐ No | There are individuals with **appointment or removal authority** over your company. |
| 4. Does any individual have the ability to appoint or remove a senior officer of your company? | ☐ Yes<br>☐ No | |
| 5. Does any individual direct, determine, or have substantial influence over important decisions made by your company, including decisions regarding your company's business, finances, or structure?<br><br>*Note:* Certain employees who might fit this description are nevertheless exempt from the beneficial owner definition. See section 2.4 for more information. | ☐ Yes<br>☐ No | There are **important decision-makers** over your company. |
| 6. Are there any other individuals who have substantial control over your company in ways other than those identified in 1-5 above? | ☐ Yes<br>☐ No | There are individuals to whom the **catch-all** would apply. |

**Complete Step 1:** Once you have reviewed the examples and questions for exercising substantial control above, you will have enough information to complete Step 1 (identify the individuals who meet the substantial control criteria for your company).  The individuals you have identified will be reported as beneficial owners in your company's BOI report unless they qualify for an exception, as discussed in the next section of the chapter (section 2.4).

**Step 2:** Individuals may directly or indirectly own or control ownership interests.  Individuals can own or control ownership interests through contracts, arrangements, understandings, relationships, or otherwise.

*Note for trusts:* The following individuals may hold ownership interests in a reporting company through a trust or similar arrangement:

- A trustee or other individual with the authority to dispose of trust assets.
- A beneficiary who is the sole permissible recipient of trust income and principal or who has the right to demand a distribution of or withdraw substantially all of the trust assets.
- A grantor or settlor who has the right to revoke or otherwise withdraw trust assets.

Examples of direct ways to own or control ownership interests in a reporting company are:

- Joint ownership with one or more other persons of an undivided interest in an ownership interest.

Examples of indirect ways to own or control ownership interests in a reporting company are:

- Owning or controlling one or more intermediary entities, or the ownership interests of any intermediary entities, that separately or collectively own or control ownership interests of a reporting company.
- Through another individual acting as a nominee, intermediary, custodian or agent.

While keeping these examples in mind, the following questions can help identify what types of *ownership interests* are relevant for your company.  A company may have more than one type of ownership interest.

| Ownership interest question: | Answer | If response is "Yes": |
|---|---|---|
| 1. Does your company issue equity, stock, or any similar instruments that confer voting power? | ☐ Yes<br>☐ No | Your company has ownership interests that are ***equity, stock, or voting rights***. |
| 2. Does your company issue any pre-organization certificates or subscriptions? | ☐ Yes<br>☐ No | |
| 3. Does your company issue any transferable shares of, or voting trust certificates or certificates of deposit for:<br>• an equity security,<br>• interest in a joint venture, or<br>• certificate of interest in a business trust? | ☐ Yes<br>☐ No | |
| 4. Do individuals hold capital or profit interests in your company (sometimes referred to as "units")? | ☐ Yes<br>☐ No | Your company has ownership interests that are **capital or profit interests.** |
| 5. Does your company issue any instruments convertible into any share, equity, stock, voting rights, or capital or profit interest?<br><br>***Note:*** It does not matter whether anything must be paid to exercise the conversion. | ☐ Yes<br>☐ No | Your company has ownership interests that are **convertible instruments**. |
| 6. Does your company issue any future on any convertible instrument? | ☐ Yes<br>☐ No | |
| 7. Does your company issue any warrant or right to purchase, sell, or subscribe to a share or interest in equity, stock, or voting rights, or capital or profit interests?<br><br>***Note:*** It does not matter if such warrant or right is a debt. | ☐ Yes<br>☐ No | |
| 8. Does your company issue any non-binding put, call, straddle, or other option or privilege of buying or selling equity, stock, or voting rights, capital or profit interest, or convertible instruments?<br><br>***Note:*** Options or privileges created by others without the knowledge or involvement of your company do not apply. | ☐ Yes<br>☐ No | Your company has ownership interests that are **options or privileges**. |
| 9. Does your company have any other instrument, contract, arrangement, understanding, relationship, or mechanism to establish ownership? | ☐ Yes<br>☐ No | The **catch-all** ownership interest applies to your company. |

**Complete Step 2:** Once you have reviewed the examples and questions for ownership interests above, you will have enough information to complete Step 2 (identify the individuals who hold ownership interests in your company).  Step 3 will help you identify which of these individuals own or control 25 percent or greater of the ownership interests in your company.  The individuals who own or control 25 percent or more of the ownership interests in your company will be reported as beneficial owners in your company's BOI report unless they qualify for an exception, as discussed in the next section of the chapter (section 2.4).

**Step 3:** After identifying what types of ownership interests apply to your company and who owns or controls them, you must determine who owns or controls 25 percent or more of those ownership interests.

If your company has issued any ***options, privileges, or convertible instruments***:

▶   Assume they have been exercised or converted in all calculations below.

If your company issues shares of ***stock***, is a corporation (including a Subchapter S corporation), or is not a corporation but is treated as one for federal income tax purposes:

▶   Calculate each individual's ownership interest as a percentage of the total shares of stock issued.  If some shares of stock that your company issues have more voting power or represent more of the value of the company than other shares (for instance, if your company issues both series A shares with one vote per share and series B shares with ten votes per share), you will need to make the following two calculations.  The individual's ownership interest will be the larger of the two percentages:

| | |
|---|---|
| Total combined voting power of all classes of the individual's ownership interests<br>÷<br>Total outstanding voting power of all classes of ownership interests entitled to vote<br>=<br>**Individual's voting power %** | Total combined value of the individual's ownership interests<br>÷<br>Total outstanding value of all classes of ownership interests<br>=<br>**Individual's ownership interest value %** |

If your company, including if your company is treated as a partnership for federal income tax purposes, issues ***capital or profit interests***:

▶   Apply the following calculation:

| |
|---|
| Individual's capital and profit interests<br>÷<br>Total outstanding capital and profit interests<br>=<br>**Individual's capital and profit interests %** |

If none of these calculations apply to your company:

▶   Identify any individual who owns or controls 25 percent or more of any class or type of ownership interest of the company.

**Complete Step 3**: After you have applied these scenarios to your company's ownership interests, you will have enough information to identify the individuals who own or control 25 percent or greater of the ownership interests in your company. You must report the individuals who own or control 25 percent or more of the ownership interests in your company as beneficial owners in your company's BOI report unless they qualify for an exception, as discussed in the next section of the chapter (section 2.4).

***Examples of how to determine beneficial owners:***

The following examples show how to determine beneficial owners across a variety of types of company structures. These examples assume that no exceptions apply to the beneficial owners, as discussed in the next section of the chapter (section 2.4). In the infographics for the examples, beneficial owners are noted by circles and non-beneficial owners are noted by triangles.

*Example 1: The reporting company is a limited liability company (LLC). Individual A is the sole owner and president of the company and makes important decisions for the company. No one else owns or controls ownership interests in the company or exercises substantial control over the company.*



Individual A is a beneficial owner of the reporting company in two different ways, assuming no other facts. First, Individual A exercises substantial control over the company because Individual A is a senior officer of the company (the president). Second, Individual A is also a beneficial owner because Individual A owns 25 percent or more of the reporting company's ownership interests.

Because no one else owns or controls ownership interests in the LLC or exercises substantial control over it, and assuming there are no other relevant facts, Individual A is the only beneficial owner of this reporting company, and Individual A's information must be reported to FinCEN.

*Example 2: The reporting company is a corporation. The company's total outstanding ownership interests are shares of stock. Three people (Individuals A, B, and C) own 50 percent, 40 percent, and 10 percent of the stock, respectively, and one other person (Individual D) acts as the president, for the company, but does not own any stock.*



Assuming there are no other relevant facts, Individuals A, B, and D are all beneficial owners of the company and their information must be reported. Individual C is not a beneficial owner.

Individual A owns 50 percent of the company's stock and therefore is a beneficial owner because 50 percent is greater than the threshold of 25 percent or more of the company's ownership interests.

Individual B owns 40 percent of the company's stock and therefore is a beneficial owner 40 percent is also greater than the threshold of 25 percent or more of the company's ownership interests.

Individual C is not a senior officer of the company and does not directly or indirectly exercise any substantial control over the company.

Individual C also owns 10 percent of the company's stock, which is less than the 25 percent or greater interest needed to qualify as a beneficial owner by virtue of ownership interests. Individual C is therefore not a beneficial owner of the company.

Individual D is president of the company. As a senior officer of the company, Individual D exercises substantial control over the company and is therefore a beneficial owner, regardless of whether or not Individual D owns or controls 25 percent or more of the company's ownership interests.

*Example 3: The reporting company is an LLC with two managers, Individuals A and C. Individual A also owns 50 percent of the "membership units" in the LLC while Individual C does not. Individual B owns the remaining membership units in the LLC but is not a manager.*



Owners of membership units (which are a type of "capital or profit interest" ownership interest) in an LLC are sometimes called "members" of the LLC. A member may not automatically be required, or authorized, to make decisions for the LLC; depending on the internal organization of the LLC, however, a member may also be a "manager." In this example, Individual A is a member and a manager. Individual B is a member but not a manager, while Individual C is a manager but not a member. All three are beneficial owners of the reporting company.

Individual A is a manager of the LLC and owns 50 percent of the company's membership units. Individual A exercises substantial control over the LLC because Individual A makes important decisions for the LLC in the role of manager. Individual A also owns 50 percent (which is greater than the 25 percent or more threshold) of the company's ownership interests. Individual A is therefore a beneficial owner of the reporting company in two different ways, by exercising substantial control and owning or controlling 25 percent or more of the ownership interests.

Individual B owns 50 percent (which is greater than the 25 percent or more threshold) of the LLC's membership units. That makes Individual B a beneficial owner of the LLC even though Individual B is not a manager and does not make important decisions or otherwise exercise substantial control over the LLC.

Individual C is a manager of the LLC and makes important decisions on its behalf, thereby exercising substantial control over it. Individual C does not own any of the LLC's membership units (the ownership interests) but is nevertheless still a beneficial owner because the individual exercises substantial control.

*Example 4: A reporting company is a corporation with multiple indirect owners through Company Y and Company Z.*



In this example, Individuals A, B, C, and F are beneficial owners.

Individual A is the reporting company's Chief Financial Officer and is therefore a senior officer, which under the Reporting Rule means that Individual A exercises substantial control over the company. Individual A also indirectly owns 27.5 percent of the reporting company's stock through direct ownership of Company Y and Company Z, which each own 50 percent of the reporting company's stock. (Individual A owns 30 percent of Company Y's stock and 25 percent of Company Z's stock. Therefore, Individual A owns 15 percent of the reporting company's stock through Company Y (50% × 30% = 15%) and 12.5 percent of the reporting company's stock through Company Z (50% × 25% = 12.5%). Adding these two percentages together equals 27.5 percent of the reporting company's stock.) Individual A is therefore a beneficial owner in two different ways, by exercising substantial control and owning or controlling 25 or more of the ownership interests of the reporting company.

Individual B indirectly owns 35 percent of the reporting company's stock through Company Y, which owns 50 percent of the reporting company's stock. (Individual B owns 70 percent of Company Y's stock (50% × 70% = 35%)). Individual B does not exercise substantial control. Individual B is a beneficial owner by owning or controlling 25 percent or more of the reporting company's ownership interests.

Individual C is the reporting company's Chief Executive Officer and president and is therefore a senior officer who exercises substantial control. Individual C indirectly owns 12.5 percent of the reporting company's stock. To calculate Individual C's indirect ownership interests in the reporting company, multiply the ownership interest of Individual C in Company Z by the ownership interest of Company Z in the reporting company. Individual C owns 25 percent of Company Z's stock and Company Z owns 50 percent of the reporting company's stock. Therefore, Individual's C ownership interests in the reporting company are 12.5 percent (25% × 50% = 12.5%), which is less than the 25 percent ownership interest threshold. Accordingly, Individual C's ownership interests in the reporting company do not make Individual C a beneficial owner, but Individual C is nevertheless a beneficial owner because Individual C exercises substantial control over the reporting company.

Similar to Individual C, Individuals D and E own 25 percent of Company Z's stock, and each therefore indirectly owns 12.5 percent of the reporting company's stock. In contrast to Individual C, Individuals D and E do not exercise substantial control over the reporting company. Individuals D and E are not beneficial owners.

Individual F is on the company's board of directors and makes important decisions on the reporting company's behalf, thereby exercising substantial control over it. Individual F does not own or control any stock in the reporting company. Individual F is therefore a beneficial owner by exercising substantial control over the reporting company, but not through holding ownership interests in it.

## 2.4 Who qualifies for an exception from the beneficial owner definition?

There are five exceptions to the definition of beneficial owner.  When an individual who would otherwise be a beneficial owner of a reporting company qualifies for an exception, the reporting company does not have to report that individual as a beneficial owner in its BOI report to FinCEN.  The following checkboxes are intended to help your company determine whether any exceptions apply to individuals who might otherwise qualify as beneficial owners of your company.

**Minor Child (Exception #1)**

An individual qualifies for this exception if the following criterion applies:

| | |
|---|---|
| 1. The individual is a minor child, as defined under the law of the State or Indian tribe in which the domestic reporting company is created or the foreign reporting company is first registered. | ☐ Yes  ☐ No |

*Special rule for minor child:* If the answer above is yes, the reporting company may instead report information about the parent or legal guardian of the minor child.

*Note:* This exception only applies if a parent or legal guardian's information is reported in lieu of the minor child's information.  Also, when the minor child reaches the age of majority, as defined by the law of the State or Indian tribe in which the reporting company was created or first registered, the exception no longer applies.  At that time, if the individual is a beneficial owner, the reporting company must file an updated BOI report providing the individual's own information.  See Chapter 6 for more information on when an updated report may be required.

**Nominee, intermediary, custodian, or agent (Exception #2)**

An individual qualifies for this exception if the following criterion applies:

| | |
|---|---|
| 2. The individual merely acts on behalf of an actual beneficial owner as the beneficial owner's nominee, intermediary, custodian, OR agent.<br><br>*Note:* Individuals who perform ordinary advisory or other contractual services (such as tax professionals) likely qualify for this exception.  In scenarios where this exception applies, the actual beneficial owner must still be reported. | ☐ Yes  ☐ No |

**Employee (Exception #3)**

An individual qualifies for this exception if **<u>all three</u>** of the following criteria apply:

| | |
|---|---|
| 1. The individual is an employee of the reporting company, when applying the meaning of "employee" provided in <u>26 CFR 54.4980H-1(a)(15)</u>.  In general, the term employee means that an individual is subject to the will and control of the employer in what and how to do work, and that the employer may discharge the individual from work. | ☐ Yes  ☐ No |
| 2. The individual's substantial control over, or economic benefits from, the reporting company are derived solely from the employment status of the individual as an employee. | ☐ Yes  ☐ No |
| 3. The individual is not a senior officer of the reporting company.  The term "senior officer" means any individual holding the position or exercising the authority of a president, chief financial officer, general counsel, chief executive officer, or chief operating officer, or any other officer, regardless of official title, who performs a similar function. | ☐ Yes  ☐ No |

**Inheritor (Exception #4)**

An individual qualifies for this exception if the following criterion applies:

| | |
|---|---|
| 1. The individual's only interest in the reporting company is a **<u>future</u>** interest through a right of inheritance, such as through a will providing a future interest in a company. | ☐ Yes  ☐ No |

***Note:*** Once the individual inherits the interest, this exception no longer applies, and the individual may qualify as a beneficial owner.  See Chapter 6 for more information on when an updated report may be required in this circumstance.

**Creditor (Exception #5)**

An individual qualifies for this exception if the following criterion applies:

| | |
|---|---|
| 1. The individual is a creditor of the reporting company.<br><br>The term "creditor" means an individual who would meet the definition of a beneficial owner of the reporting company solely through rights or interests for the payment of a predetermined sum of money, such as a debt incurred by the reporting company, or a loan covenant or other similar right associated with such right to receive payment that is intended to secure the right to receive payment or enhance the likelihood of repayment.<br><br>For example, an individual qualifies for the creditor exception if the individual is entitled to payment from the reporting company to satisfy a loan or debt, so long as this entitlement is the only ownership interest the individual has in the reporting company. | ☐ Yes  ☐ No |



# 03 Does my company have to report its company applicants?

Only certain reporting companies must include information about their company applicants in their BOI reports.  This chapter has two sections to help your company determine whether the requirements apply and, if so, how to identify its company applicants:

**3.1 Is my company required to report its company applicants?**
**3.2 Who is a company applicant of my company?**

*This chapter generally covers 1010.380(e), "Company applicant".*

## 3.1 Is my company required to report its company applicants?

Not all reporting companies are required to report their company applicants to FinCEN.

A reporting company **is required to report its company applicants** if it is either a:

- domestic reporting company created **on or after January 1, 2024**; or
- foreign reporting company first registered to do business in the United States **on or after January 1, 2024**.

A reporting company **is not required to report its company applicants** if it is either a:

- domestic reporting company created **before** January 1, 2024; or
- foreign reporting company first registered to do business in the United States **before** January 1, 2024.

**Chart 5 – Company applicant reporting requirement**



The special rule concerning company applicant reporting can be found at 1010.380(b)(2)(iv) and is discussed further in the next chapter (section 4.2).

## 3.2 Who is a company applicant of my company?

Each reporting company that is required to report company applicants will have to identify and report to FinCEN at least one company applicant, and at most two.  All company applicants must be individuals.  Companies or legal entities **cannot** be company applicants.

There are two categories of company applicants – the "direct filer" and the individual who "directs or controls the filing action."
- The first category (direct filer) must be identified by all reporting companies that have a company applicant reporting requirement.
- The second category (directs or controls the filing action) may not be applicable to all reporting companies that have a company applicant reporting requirement.  The second category of company applicants is only required to be reported when more than one individual is involved in the filing of the document that created or first registered the company.
- If more than one individual is involved in the filing, then two company applicants must be reported.
- No reporting company will have more than two company applicants.

**Company Applicant Category 1: Direct filer**

This is the individual who directly filed the document that created a domestic reporting company, or the individual who directly filed the document that first registered a foreign reporting company.  This individual would have actually physically or electronically filed the document with the secretary of state or similar office.

**Company Applicant Category 2: Directs or controls the filing action**

The other possible company applicant is the individual who was primarily responsible for directing or controlling the filing of the creation or first registration document.  This individual is a company applicant even though the individual did not actually file the document with the secretary of state or similar office.

The following chart may assist your company in identifying company applicants.

**Chart 6 – Company application definition**



The following examples illustrate how to identify company applicants in common company creation or registration scenarios.

*Example 1: Individual A is creating a new company.  Individual A prepares the necessary documents to create the company and files them with the relevant State or Tribal office, either in person or using a self-service online portal.  No one else is involved in preparing, directing, or making the filing.*

Individual A is a company applicant because Individual A directly filed the document that created the company.  Because Individual A is the only person involved in the filing, Individual A is the only company applicant.  State or Tribal employees who receive and process the company creation or formation documents should not be reported as company applicants.

*Example 2: Individual A is creating a company.  Individual A prepares the necessary documents to create the company and directs Individual B to file the documents with the relevant State or Tribal office.  Individual B then directly files the documents that create the company.*

Individuals A and B are both company applicants – Individual B directly filed the documents, and Individual A was primarily responsible for directing or controlling the filing.  Individual B could, for example, be Individual A's spouse, business partner, attorney, or accountant; in all cases, Individuals A and B are both company applicants in this scenario.



# 04    What specific information does my company need to report?

This chapter covers what information needs to be included in a BOI report to FinCEN.  BOI reports require specific pieces of information about your company, its beneficial owners, and, in the cases described in <u>section 3.1</u>, its company applicants.  Additionally, this chapter covers what information needs to be provided to obtain a FinCEN identifier.  The person submitting information to FinCEN must certify that it is true, correct, and complete.  This chapter includes the following sections:

**4.1  What information should I collect about my company, its beneficial owners, and its company applicants?**

**4.2  What do I report if a special reporting rule applies to my company?**

**4.3  What is a FinCEN identifier and how can I use it?**

*This chapter generally covers 1010.380(b), "Content, form, and manner of reports".*

## 4.1 What information should I collect about my company, its beneficial owners, and its company applicants?

The following checklists may help you identify the information about your company and its beneficial owners and company applicants that you are required to collect and report.

**Chart 7 – Required information checklists**

### Reporting Company

- ☐ Full legal name
- ☐ Any trade name or "doing business as" (DBA) name
  - » *Report all trade names or DBAs.*
- ☐ Complete current U.S. address
  - » *Report the address of the principal place of business in United States, or, if the reporting company's principal place of business is not in the United States, the primary location in the United States where the company conducts business.*
- ☐ State, Tribal, or foreign jurisdiction of formation
- ☐ **For a foreign reporting company only**, State or Tribal jurisdiction of first registration
- ☐ Internal Revenue Service (IRS) Taxpayer Identification Number (TIN) (including an Employer Identification Number (EIN))
  - » **If a foreign reporting company has not been issued a TIN**, report a tax identification number issued by a foreign jurisdiction and the name of such jurisdiction.

### Each Beneficial Owner and Company Applicant

*Not all reporting companies are required to report information about company applicants. See Chapter 3 for assistance in identifying whether your company is required to report company applicant information.*

- ☐ Full legal name
- ☐ Date of birth
- ☐ Complete current address
  - » *Report the individual's residential street address, except for company applicants who form or register a company in the course of their business, such as paralegals. For such individuals, report the business street address. The address is not required to be in the United States.*
- ☐ Unique identifying number and issuing jurisdiction from, and image of, **one** of the following non-expired documents:
  - » U.S. passport
  - » State driver's license
  - » Identification document issued by a state, local government, or tribe
  - » **If an individual does not have any of the previous documents,** foreign passport

*If an individual has obtained a FinCEN identifier and provided it to a reporting company, the reporting company may include such FinCEN identifier in its report instead of the information required about the individual.*

## 4.2 What do I report if a special reporting rule applies to my company?

The Reporting Rule includes four special reporting rules that may affect your company's reporting obligations.

1. *Owned by exempt entity:* You do not need to report information about any beneficial owner whose ownership interests in a reporting company are held through one or more entities, all of which are themselves exempt from the reporting company definition.  Refer to Chapter 1.2 for the types of entities that are exempt from the reporting company definition.

   ▶ If this special rule applies, then you may report the names of all of the exempt entities instead of information about the individual who is a beneficial owner of your company through ownership interests in those exempt entities.

   *Example: A large operating company owns 50% of the ownership interests in your company.  Large operating companies are exempt from the reporting company definition (see Exemption #21).  Individual A owns 50% of the large operating company, and therefore owns 25% of the ownership interests in your company (50% × 50% = 25%).  You may report the name of the large operating company instead of Individual A's personal information.*

2. *Minor child:* You do not need to report information about a beneficial owner of the reporting company who is a minor child, provided you have reported the required information about the minor child's parent or legal guardian.

   ▶ If this special rule applies, you may report the required information about the child's parent or legal guardian instead of the child.

   ***Note:*** If you report a parent or legal guardian's information instead of a minor child's information, then you must indicate in your BOI report that the information relates to a parent or legal guardian of the minor child.

3. *Foreign pooled investment vehicle:* You do not need to report information about each beneficial owner and company applicant if your company was formed under the laws of a foreign country and would be a reporting company if not for the pooled investment vehicle exemption (Exemption #18).

   ▶ If this special rule applies, you must report one individual who exercises substantial control over the company.  You do not need to report any company applicants.  If more than one individual exercise substantial control over the company, you must report information about the individual who has the greatest authority over the strategic management of the company.

4. *Company applicant reporting for existing companies:* If the reporting company was created or registered before January 1, 2024, you do not need to report any company applicant information for the reporting company.

   ▶ If this special rule applies, do not report company applicants.  Specify on the BOI report that the company was created or registered before January 1, 2024.

## 4.3 What is a FinCEN identifier and how can I use it?

A "FinCEN identifier" is a unique identifying number that FinCEN will issue to an individual or reporting company upon request after the individual or reporting company provides certain information to FinCEN.

- An individual or reporting company is not required to obtain a FinCEN identifier.
- An individual or reporting company may only receive one FinCEN identifier.
- Your company may include FinCEN identifiers in its BOI report instead of certain required information about beneficial owners or company applicants.

### FinCEN Identifiers for Individuals

Individuals may electronically apply for FinCEN identifiers.  In the application, an individual must provide their name, date of birth, address, unique identifying number and issuing jurisdiction from an acceptable identification document, and an image of the identification document – the same four pieces of personal information and image reporting companies submit about beneficial owners and company applicants in BOI reports (section 4.1).  After an individual submits an application, the individual will immediately receive a FinCEN identifier unique to that individual.

Once a beneficial owner or company applicant has obtained a FinCEN identifier, reporting companies may report it in place of the otherwise required four pieces of personal information about the individual in BOI reports.

### FinCEN Identifiers for Reporting Companies

Your company may request a FinCEN identifier when it submits a BOI report by checking a box on the reporting form.

### Updates or Corrections

When the information an individual or reporting company reported to FinCEN to obtain a FinCEN identifier changes, or when the individual or reporting company discovers that reported information is inaccurate, the individual or reporting company must update or correct the reported information, as applicable.  See Chapter 6 for more information on the update and correction requirements, including timelines.



## 05 When and how should my company file its initial report?

The Reporting Rule is effective on January 1, 2024.  FinCEN will begin accepting BOI reports electronically through its secure filing system on this date.  BOI reports will not be accepted prior to January 1, 2024.  This chapter explains when your company should file its initial BOI report and how to do so in the following two sections:

**5.1 When should my company file its initial BOI report?**
**5.2 How does my company file a BOI report?**

*This chapter generally covers 1010.380(a)(1), (Timing of) "initial reports".*

## 5.1 When should my company file its initial BOI report?

If your company already exists as of January 1, 2024, it must file its initial BOI report by January 1, 2025.  If your company is created or registered to do business in the United States after January 1, 2024, then it must file its initial BOI report within 30 days after receiving actual or public notice that its creation or registration is effective.  For example, your company may receive **actual** notice that its creation or registration is effective through a direct communication from the secretary of state or similar office.  Your company could also receive **public** notice that its creation or registration is effective because it appears on a publicly accessible registry maintained by the secretary of state or similar office.  Notice practices will vary by jurisdiction. If a jurisdiction provides both actual and public notice, the timeline for when an initial BOI report is due starts on the earlier of the two dates notice is received.

 **The reporting requirement is effective on January 1, 2024. FinCEN will begin accepting beneficial ownership information reports on that date.**



### INITIAL REPORTS

Required by all companies that meet the definition of **reporting company** and are not **exempt** from that definition.

 **Existing reporting companies**
*Created or registered to do business in the United States before January 1, 2024.*
Reports due by **January 1, 2025**.

 **New reporting companies**
*Created or registered to do business in the United States on or after January 1, 2024.*
Reports due within **30 calendar days** of receiving actual or public notice that the creation or registration of the reporting company is effective.

*Previously exempt reporting companies*: If your company previously qualified for an exemption to the reporting company definition but no longer qualifies, you are required to file a BOI report **within 30 calendar days** of the date on which your company stops qualifying for the exemption.

Refer to <u>section 1.2</u> of this Guide for additional information on exemptions from the reporting requirements.

## 5.2 How does my company file a BOI report?

If your company is required to file a BOI report, you must do so electronically through a secure filing system.

- FinCEN's filing system is currently under development and will not be available until January 1, 2024.
- FinCEN will not accept BOI reports before January 1, 2024.
- FinCEN will publish instructions and other technical guidance on how to complete the BOI report form.  This guidance will be available at: www.fincen.gov/boi.

***Note:*** There may be certain circumstances in which a reporting company is unable to electronically file a BOI report through FinCEN's secure filing system.  In those cases, the reporting company should contact FinCEN: www.fincen.gov/contact.



## 06 What if there are changes to or inaccuracies in reported information?

In addition to filing an initial BOI report, reporting companies must also update and correct information in their previously filed BOI reports.  Individuals who obtain FinCEN identifiers must also update and correct information previously reported to FinCEN.  This chapter discusses what to do when there are changes to or inaccuracies in reported information in the following sections:

**6.1 What should I do if previously reported information changes?**
**6.2 What should I do if I learn of an inaccuracy in a report?**
**6.3 What should my company do if it becomes exempt after already filing a report?**

*This chapter generally covers 1010.380(b)(3), "Contents of updated or corrected reports".*

## 6.1 What should I do if previously reported information changes?



**UPDATED REPORTS**

Required when there is a change to previously reported information about the reporting company itself or its beneficial owners.

Updated reports due within **30 calendar days** after a change occurs.

If there is *any change* to the required information about your company or its beneficial owners in a BOI report that your company filed, your company must file an updated BOI report no later than 30 days after the date on which the change occurred.  The same 30-day timeline applies to changes in information submitted by an individual in order to obtain a FinCEN identifier.  A reporting company is not required to file an updated report for any changes to previously reported personal information about a company applicant.

The following are some examples of changes that would require an updated BOI report:

- Any change to the information reported for the reporting company, such as registering a new DBA.

- A change in beneficial owners, such as a new Chief Executive Officer, a sale that changes who meets the ownership interest threshold of 25 percent, or the death of a beneficial owner.

  *Note:* When a beneficial owner dies, resulting in changes to the reporting company's beneficial owners, report those changes within 30 days of when the deceased beneficial owner's estate is settled.  The updated report should, to the extent appropriate, identify any new beneficial owners.

- Any change to a beneficial owner's name, address, or unique identifying number provided in a BOI report.

  *Note:* If a beneficial owner obtained a new driver's license or other identifying document that includes the changed name, address, or identifying number, the reporting company also would have to file an updated beneficial ownership information report with FinCEN, including an image of the new identifying document.

***Special rule:***  Keep in mind the update requirement related to the special reporting rule for a minor child.  When a beneficial owner that was a minor child reaches the age of majority, you must file an updated BOI report, identifying the individual as a beneficial owner and, if warranted, replacing their parent or legal guardian's information with their own.

Like initial BOI reports, updated BOI reports should be filed electronically though the secure filing system.

***Note:*** There is no requirement to report a company's termination or dissolution.

## 6.2 What should I do if I learn of an inaccuracy in a report?



**CORRECTED REPORTS**

Required when previously reported information was inaccurate when filed and remains inaccurate.

Corrected repots due within **30 calendar days** days after the reporting company becomes aware or has reason to know of an inaccuracy.

If an inaccuracy is identified in a BOI report that your company filed, your company must correct it no later than 30 days after the date your company became aware of the inaccuracy or had reason to know of it.  This includes any inaccuracy in the required information provided about your company, its beneficial owners, or its company applicants.  The same 30-day timeline applies to inaccuracies in information submitted by an individual in order to obtain a FinCEN identifier.

*Note:* There are no penalties for filing an inaccurate BOI report provided it is corrected within 90 calendar days of when it was filed.

Corrected BOI reports should be filed electronically though the secure filing system.

## 6.3 What should my company do if it becomes exempt after already filing a report?

If your company filed a BOI report and later qualifies for an exemption from the reporting requirements, your company should file an updated BOI report to indicate that it is newly exempt from the reporting requirements.  Refer to section 1.2 of this Guide for information on exemptions.

Updated BOI reports should be filed electronically though the secure filing system.  An updated BOI report for a newly exempt entity will only require that: (1) the entity identify itself; and (2) check a box noting its newly exempt status.

# Appendix A - Guide and Regulation Reference Page

This index shows where the different parts of the Reporting Rule (1010.380) are covered in this Guide.  The left side of the index shows each different paragraph of the Reporting Rule and its title.  The right side of the index shows what part of this Guide covers that paragraph of the Reporting Rule. You can click on the hyperlinks on the right to jump to the part of this Guide. Some of the Reporting Rule paragraphs are mentioned in more than one place in this Guide. Mentions of the paragraphs are included in the index in the parentheses on the right.

**(a) Reports required; timing of reporting**.............................................Chapter 5 and Chapter 6

(1) Initial report..................................................................................................5.1

(2) Updated report..............................................................................................6.1

(3) Corrected report............................................................................................6.2

**(b) Content, form, and manner of reports** .........................................Chapter 4 and Chapter 6

(1) Initial report...............................................................................................4.1

(2) Special rules

(i) Reporting company owned by exempt entity................................................................4.2

(ii) Minor child.............................................................4.2 (mention in 2.4 and 6.1)

(iii) Foreign pooled investment vehicle ............................4.2 (mention in 1.2 Exemption #18)

(iv) Company applicant for existing companies .........................................4.2 (mention in 3.1)

(3) Contents of updated or corrected reports

(i) Updated reports—in general...................................................................................6.1

(ii) Updated reports—newly exempt entities ........................................................................6.3

(iii) Corrected reports ...................................................................................................6.2

(4) FinCEN identifier

(i) Application.........................................................................................................4.3

(ii) Use of the FinCEN identifier..................................................................................4.3

(iii) Updates and corrections ........................................4.3 (mention in 6.1 and 6.2)

**(c) Reporting company** ................................................................................. Chapter 1

(1) Definition of reporting company ........................................................................1.1

(2) Exemptions...................................................................................................1.2

(i) Securities reporting issuer ...............................................................1.2 Exemption #1

(ii) Governmental authority.................................................................1.2 Exemption #2

(iii) Bank .....................................................................................1.2 Exemption #3

(iv) Credit union ...........................................................................1.2 Exemption #4

(v) Depository institution holding company .................................................1.2 Exemption #5

(vi) Money services business ...................................................................... 1.2 Exemption #6

(vii) Broker or dealer in securities.............................................................. 1.2 Exemption #7

(viii) Securities exchange or clearing agency ............................................. 1.2 Exemption #8

(ix) Other Exchange Act registered entity................................................... 1.2 Exemption #9

(x) Investment company or investment adviser ........................................... 1.2 Exemption #10

(xi) Venture capital fund adviser ................................................................. 1.2 Exemption #11

(xii) Insurance company............................................................................... 1.2 Exemption #12

(xiii) State-licensed insurance producer...................................................... 1.2 Exemption #13

(xiv) Commodity Exchange Act registered entity........................................ 1.2 Exemption #14

(xv) Accounting firm .................................................................................... 1.2 Exemption #15

(xvi) Public utility ........................................................................................ 1.2 Exemption #16

(xvii) Financial market utility ...................................................................... 1.2 Exemption #17

(xviii) Pooled investment vehicle................................................................. 1.2 Exemption #18

(xix) Tax-exempt entity ................................................................................ 1.2 Exemption #19

(xx) Entity assisting a tax-exempt entity...................................................... 1.2 Exemption #20

(xxi) Large operating company ..................................................................... 1.2 Exemption #21

(xxii) Subsidiary of certain exempt entities ................................................. 1.2 Exemption #22

(xxiii) Inactive entity.................................................................................... 1.2 Exemption #23

**(d) Beneficial owner** ................................................................................ **Chapter 2**

(1) Substantial control

(i) Definition of substantial control ................................................2.1 (mention in 2.3 Step 1)

(ii) Direct or indirect exercise of substantial control................................... 2.3 Step 1

(2) Ownership interests

(i) Definition of ownership interest ................................................2.2 (mention in 2.3 Step 2)

(ii) Ownership or control of ownership interest........................................... 2.3 Step 2

(iii) Calculation of the total ownership interests of a reporting company................... 2.3 Step 3

(3) Exceptions ..............................................................................................2.4

**(e) Company applicant** ............................................................................**3.2**

**(f) Definitions**

(1) Employee...............................................................................................2.4

(2) FinCEN identifier ...................................................................................4.3

(3) Foreign person.......................................................................1.2 Exemption #23

(4) Indian tribe .................................... 1.1 (mention in 1.2 Exemption #2; 2.4; and 4.1)

(5) Lawfully admitted for permanent residence..............................................1.2 Exemption #20

(6) Operating presence at a physical office within
    the United States.......................................................1.2 Exemption #13 and Exemption #21

(7) Pooled investment vehicle...............................................1.2 Exemption #18 (mention in 4.2)

(8) Senior officer ............................................................ 2.1 (mentions in 1.3 and 2.3)

(9) State............................. 1.1 (mention in 1.2 Exemption #2; 1.2 Exemption #13; 2.4; and 4.1)

(10) United States person.............................Mention in 1.2 Exemption #20 and Exemption #23

**(g) Reporting violations**...........................................................................**1.3**