

U.S. Department of Justice
Civil Division

VIA CM/ECF

December 5, 2024

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St. NW
Atlanta, GA 30303

RE: *NSBU v. U.S. Department of the Treasury* (No. 24-10736) (oral argument held on September 27, 2024)

Dear Mr. Smith:

We write in response to plaintiffs-appellees' letter regarding the district court's opinion in *Texas Top Cop Shop, Inc. v. Garland*, No. 24-478 (E.D. Tex.). That court determined that the CTA likely exceeds Congress's enumerated powers and preliminarily enjoined the statute's enforcement on a nationwide basis. Op. 1-2. The district court's opinion reflects multiple serious errors, and the government intends to appeal.

The Eastern District of Texas's analysis largely parallels that of the district court in this case, and that analysis is mistaken for the reasons given in the government's filings in this Court. For example, although the court believed that the CTA does not address any "activity at all," Op. 43, the statute in fact regulates businesses whose defining feature is their authority and propensity to engage in commercial transactions, *see* Opening Br. 21-24, 27-31. Likewise, the court did not grapple with the "very high bar" for supporting a facial challenge that the Supreme Court reiterated in *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024), and that this Court has repeatedly applied in enumerated powers cases, *see* Gov't Supp. Br. 1-3 (citing cases). As the government has explained, and as multiple district courts have recognized, plaintiffs come nowhere near establishing "that no set of circumstances exists under which the [CTA] would be valid"—as would be required to justify their facial attack on an Act of Congress. Gov't Supp. Br. 7 (quoting *NetChoice*, 144 S. Ct. at 2397); *see Firestone v. Yellen*, No. 24-1034 (D. Or. Sept. 20, 2024) (declining to enter a preliminary injunction and determining that the CTA is authorized by multiple

enumerated powers); *Community Associations Institute v. Yellen*, No. 24-1597 (E.D. Va. Oct. 24, 2024) (same).

The Eastern District of Texas recognized that "at this very moment, the Eleventh Circuit is considering the constitutionality of the CTA" and noted that its opinion would "not trench on the Eleventh Circuit's authority to render a decision." Op. 76. The government respectfully urges this Court to reverse the district court's judgment.

Sincerely,

/s/ *Steven H. Hazel*
Steven H. Hazel
Attorney

cc: all counsel (Certificate of service attached)

## CERTIFICATE OF SERVICE

  I hereby certify that on December 5, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

            /s/ *Steven H. Hazel*
            STEVEN H. HAZEL