No. 24-10736

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

NATIONAL SMALL BUSINESS UNITED, et al.,

Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF THE TREASURY, et al.,

Defendants-Appellants.

---

On Appeal from the United States District Court
for the Northern District of Alabama

---

## SUPPLEMENTAL BRIEF FOR APPELLANTS

---

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

PRIM F. ESCALONA
  *United States Attorney*

DANIEL TENNY
STEVEN H. HAZEL
MAXWELL A. BALDI
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7217*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2498*

# AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, undersigned counsel certifies that the following have an interest in the outcome of this appeal:

Advancing American Freedom

Alabama Property Management, Inc.

*Allcock, Edmund

American Farm Bureau Federation

Americans for Prosperity Foundation

Associated General Contractors of America, Inc.

*Baldi, Maxwell A.

Bardwell, Will

Barger, James Frederick Jr.

Bailey, Andrew, Attorney General of Missouri

Berry, Thomas A.

*Bessent, Scott, Secretary of the U.S. Department of the Treasury

Bird, Brenna, Attorney General of Iowa

Boyce, Sean

Burke, Liles C., U.S. District Judge

Boynton, Brian M.

Brown, Kenyen

* Additions to previous certificate marked with an asterisk.

*Bunn, Brendan P.

Cameron, Daniel, Attorney General of Kentucky

Carr, Christopher M., Attorney General of Georgia

*Casey, Steven F.

Catholics Count

Cato Institute

Chaldean Chamber of Commerce

Commonwealth of Kentucky

Commonwealth of Virginia

*Community Associations Institute

Cook, Robert D.

Crawford, Cynthia Fleming

Das, Himamauli, former Acting Director of the Financial Crimes Enforcement Network

DeMoss, Trip

Escalona, Prim F., United States Attorney

Fitch, Lynn, Attorney General of Mississippi

Gacki, Andrea, Director of the Financial Crimes Enforcement Network

Galen Institute

Gerow, Charlei

*Gottesman, Kulik

Greytak, Scott

Griffin, Tim, Attorney General of Arkansas

Hamilton Lincoln Law Institute

Haden, Ed

Hazel, Steven H.

Healy, Terence M.

Hedley, Neville S.

Hilgers, Michael T., Attorney General of Nebraska

Hill, Bridget, Attorney General of Wyoming

*Howard, Julie

Hydrick, Thomas T.

Jackley, Marty, Attorney General of South Dakota

Job Creators Network Foundation

Job Creators Network Inc.

Jones, Tim.

Jones Walker, LLP

Kambli, Abhishek S.

Kelleher, Diane

Khoury, Alexander R.

Kobach, Kris W., Attorney General of Kansas

Knudsen, Austin, Attorney General of Montana

Labrador, Raul R., Attorney General of Idaho

Lee, Thomas

Loshin, Jacob

MacBride, Neil H.

Manhattan Institute

Marshall, Steve, Attorney General of Alabama

Martinez, Tyler

*McArthur, Eric D.

McCracken, Todd

Men and Women for a Representative Democracy in America, Inc.

Miller, Kristen Paige

Miyares, Jason, Attorney General of Virginia

Moody, Ashley, Attorney General of Florida

Morrisey, Patrick, Attorney General of West Virginia

Murrill, Liz, Attorney General of Louisiana

National Association of Home Builders of the United States

National Center for Public Policy Research

National Federation of Independent Business Small Business Legal Center, Inc.

National Small Business United

National Taxpayers Union Foundation

Neiman, John C. Jr.

Nelson, Matthew T.

Newman, Grant A.

*Orban, Norman F.

Park, Heeyoung (Linda)

Paxton, Ken., Attorney General of Texas

Pepson, Michael

Pitz, Taylor

Powell, Anthony J.

Quigg, Charles R.

Reed, Jack, United States Senator

Reyes, Sean, Attorney General of Utah

Robinson, Stuart Justin

*Roth, Yaakov M.

Schulp, Jennifer J.

See, Lindsay S.

Sibley, Nate

*Sinkins, Todd A.

Skorup, Brent

Skrmetti, Jonathan, Attorney General of Tennessee

Small Business Association of Michigan

Smith Jr., J. Emory

Spate, Joseph D.

Stand Up Michigan

State of Alabama

State of Arkansas

State of Florida

State of Georgia

State of Idaho

State of Iowa

State of Kansas

State of Louisiana

State of Mississippi

State of Missouri

State of Montana

State of Nebraska

State of Ohio

State of South Carolina

State of South Dakota

State of Tennessee

State of Texas

State of Utah

State of West Virginia

USCA11 Case: 24-10736     Document: 115     Date Filed: 03/25/2025     Page: 8 of 20
NSBU v. Yellen, No. 24-10736

State of Wyoming

Students for Life Action

Students for Life of America

Tax Law Center at NYU Law

Taylor, Jonathan E.

Tenny, Daniel

The Foundation for Defense of Democracies

Thurston, Robin F.

Transparency International U.S.

U.S. Department of the Treasury

Walthall, James Elliott

*Ware, Thomas

Warren, Elizabeth, United States Senator

Waters, Maxine, Member of the House of Representatives

Wheat, Mark J.

Whitehouse, Sheldon, United States Senator

Williams, Michael R.

Wilson, Alan, Attorney General of South Carolina

Winkles, Isaac

Wisconsin Family Action, Inc.

Women for Democracy in America, Inc.

Wyden, Ron, United States Senator

Yellen, Janet, former Secretary of the U.S. Department of the Treasury

Yost, Dave, Attorney General of Ohio

Young America's Foundation, Inc.

*s/ Steven H. Hazel*
Steven H. Hazel

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ........................................................................... 1

ARGUMENT .................................................................................................................... 1

CONCLUSION ................................................................................................................ 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*California Bankers Ass'n v. Shultz*,
   416 U.S. 21 (1974) .................................................................................. 5

*Moody v. NetChoice, LLC*,
   603 U.S. 707 (2024) ............................................................................. 3-4

*National Fed'n of Indep. Bus. v. Sebelius*,
   567 U.S. 519 (2012) .................................................................................. 3

*United States v. Salerno*,
   481 U.S. 739 (1987) .................................................................................. 3

**Statutes:**

31 U.S.C. § 5336(a)(11)(A)(ii) .................................................................... 4

31 U.S.C. § 5336(a)(11)(B)(xxiv) ................................................................ 2

**Other Authorities:**

FinCEN, *Beneficial Ownership Information Reporting Requirement Revision and Deadline Extension*, https://perma.cc/9T3X-4GY9 ....................................................... 2, 3, 4, 5, 6

FinCEN, *FinCEN Not Issuing Fines or Penalties in Connection with Beneficial Ownership Information Reporting Deadlines* (Feb. 27, 2025), https://perma.cc/632R-ZH9Q ....... 1-2

Treasury, *Treasury Department Announces Suspension of Enforcement of Corporate Transparency Act Against U.S. Citizens and Domestic Reporting Companies* (Mar. 2, 2025), https://perma.cc/LYL5-YJEB ......................................................................... 2

## INTRODUCTION AND SUMMARY

The government respectfully submits this supplemental brief in response to the Court's order directing the parties to address the effect of recent regulatory developments on plaintiffs' facial constitutional challenge to the Corporate Transparency Act (CTA). The Department of the Treasury (Treasury) has issued an interim final rule exempting domestic companies from the CTA's reporting requirements but generally requiring foreign companies to continue to comply with those requirements. This change in how the Executive Branch is implementing the CTA does not directly affect this Court's analysis of plaintiffs' facial constitutional challenge, which turns on whether the statutory reporting requirements are within Congress's broad powers under the Commerce Clause and Necessary and Proper Clause. Instead, the change underscores that many of the CTA's applications—including its application to foreign companies registered to do business in the United States—plainly fall within Congress's enumerated powers, a fact that is fatal to plaintiffs' facial challenge. The district court's judgment should be reversed.

## ARGUMENT

**1.** Treasury has recently announced a change in its approach to implementing the CTA. On February 27, 2025, the agency announced that no fines or penalties would be issued, and no enforcement action would be taken, based on any failure to file or update beneficial ownership information reports until the agency issued an interim final rule establishing new deadlines. *See* FinCEN, *FinCEN Not Issuing Fines or*

*Penalties in Connection with Beneficial Ownership Information Reporting Deadlines* (Feb. 27, 2025), https://perma.cc/632R-ZH9Q.  Treasury later elaborated that "not only will it not enforce any penalties or fines associated with the beneficial ownership information reporting rule under the existing regulatory deadlines, but it will further not enforce any penalties or fines against U.S. citizens or domestic reporting companies or their beneficial owners after the forthcoming rule changes take effect either," and that it also intended to conduct rulemaking to "narrow the scope of the rule to foreign reporting companies only."  Treasury, *Treasury Department Announces Suspension of Enforcement of Corporate Transparency Act Against U.S. Citizens and Domestic Reporting Companies* (Mar. 2, 2025), https://perma.cc/LYL5-YJEB.

Consistent with these announcements, on March 21, 2025, Treasury announced it was issuing an interim final rule, which will be published in the Federal Register on March 26, 2025.  FinCEN, *Beneficial Ownership Information Reporting Requirement Revision and DeadlineExtension*, https://perma.cc/9T3X-4GY9 (Interim Final Rule).  The Rule exercises Treasury's statutory authority to exempt "classes of entities" from the reporting requirements, 31 U.S.C. § 5336(a)(11)(B)(xxiv), by exempting "all domestic reporting companies, and their beneficial owners."  Interim Final Rule 6.  At the same time, the Rule recognizes that foreign reporting companies "present heightened national security and illicit finance risks" and requires those companies to continue "to report their [beneficial ownership information], except with respect to U.S. person beneficial owners."  *Id.* at 11.  Treasury "is accepting comments on this interim final

2

rule" and "will assess the exemptions, as appropriate, in light of those comments and intends to issue a final rule this year." *Id.* at 8.

**2.** These developments support the government's arguments. Plaintiffs claim that the CTA is facially unconstitutional on the theory that it exceeds Congress's enumerated powers. In evaluating that claim, this Court will analyze whether the statutory reporting requirements fall within Congress's "broad" powers under the Commerce Clause and the Necessary and Proper Clause. *National Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 549 (2012) (opinion of Roberts, C.J.). The Executive Branch's determinations about how best to implement the statute do not directly affect that analysis.

Instead, the regulatory changes illustrate that plaintiffs' facial constitutional claim fails. To prevail on that claim, plaintiffs would need to show that "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). But as the government previously explained, there are many circumstances in which the CTA applies to entities that are plainly subject to the commerce power. *See, e.g.*, Opening Br. 29-30. For example, plaintiffs themselves operate and represent businesses engaged in commercial activity. *See* Dkt. No. 39-3, at 2-3; Dkt. No. 39-2, at 2-3. And although plaintiffs have had many opportunities to identify reporting companies that lack the requisite connection to commerce, they still have not done so. Plaintiffs cannot plausibly contend that the CTA has no constitutional application—or even that it "lacks a 'plainly legitimate sweep,'" *Moody v.*

3

*NetChoice, LLC*, 603 U.S. 707, 723 (2024)—when they fail to point to any entity covered by the statute but not the commerce power.

This point is underscored by Treasury's particular focus on foreign companies. "With limited exceptions, the interim final rule does not change the existing requirement for foreign reporting companies" to submit beneficial ownership information. Interim Final Rule 1. By the statute's terms, foreign reporting companies are entities "formed under the law of a foreign country and registered to do business in the United States." 31 U.S.C. § 5336(a)(11)(A)(ii). There can be no serious dispute that Congress has the power to regulate foreign entities that have taken the affirmative step of registering to do business in the United States. On that basis alone, plaintiffs' facial challenge can be rejected.

For similar reasons, the regulatory changes also undermine plaintiffs' central contention (Resp. Br. 18): that the CTA should be construed as regulating only the "process of incorporation," and not any economic activity. The CTA does not dictate whether, when, or how foreign entities incorporate. Instead, the statutory reporting requirements come into play only when a foreign entity registers "to do business" in this country. 31 U.S.C. § 5336(a)(11)(A)(ii). This provision refutes plaintiffs' depiction of the CTA as addressing the act of incorporation and instead demonstrates that the statute regulates commercial transactions.

In addition to confirming that the CTA falls readily within Congress's commerce power, the regulatory developments also bolster the government's

4

invocation of the Necessary and Proper Clause. Congress found that the reporting requirements would effectuate a variety of powers vested in the federal government, including the powers to regulate foreign commerce and foreign affairs. *See* Opening Br. 24-27. Plaintiffs' primary response (Resp. Br. 49-52) is to downplay the CTA's connection to foreign commerce and foreign affairs. That argument is untenable in light of the Interim Final Rule, which highlights the statute's regulation of foreign businesses.

The regulatory changes likewise illustrate that plaintiffs' Fourth Amendment argument lacks merit. As the government has explained, reasonable reporting requirements raise no Fourth Amendment concern, and the CTA is such a requirement. *See* Reply Br. 17-23. In holding that a different set of reporting requirements accords with the Fourth Amendment, the Supreme Court emphasized that the government had enacted regulations implementing those requirements in a particularly "tailored" manner. *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 63 (1974). Here, similarly, the Interim Final Rule reduces regulatory burdens (by exempting domestic reporting companies) while focusing on entities that present "heightened national security and illicit finance risks" (namely, foreign reporting companies). Interim Final Rule 11. The particular manner in which the Executive Branch has implemented the statute thus underscores that the reporting requirements are reasonable.

5

**3.** Although the regulatory developments confirm that plaintiffs' constitutional challenge lacks merit, they do not render this case moot at this time. As noted above, Treasury "is accepting comments on th[e] interim final rule" and "will assess the exemptions, as appropriate, in light of those comments and intends to issue a final rule this year." Interim Final Rule 1. If that process results in a final rule exempting domestic companies from the reporting requirements, any requests for relief by those companies would likely be moot, but at this point the rulemaking remains ongoing. The case would also not be moot if the organizational plaintiff, which has not identified its members, represents foreign reporting companies not subject to any exemption.

## CONCLUSION

For the foregoing reasons and those given in our prior filings, the district court's judgment should be reversed.

Respectfully submitted,

YAAKOV M. ROTH
*Acting Assistant Attorney General*

PRIM F. ESCALONA
*United States Attorney*

DANIEL TENNY

*s/ Steven H. Hazel*
STEVEN H. HAZEL
MAXWELL A. BALDI
*Attorneys, Appellate Staff*
*Civil Division, Room 7217*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-2498*
*Steven.H.Hazel@usdoj.gov*

March 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the page limit established by this Court's March 11, 2025, order because it does not exceed 10 pages, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Steven H. Hazel*
Steven H. Hazel

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Steven H. Hazel*
Steven H. Hazel